**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50525 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01460-DMS |
| v. | |
| GILBERT OLIVA DIAZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Gilbert Oliva Diaz appeals from the 77-month sentence imposed following

his guilty-plea conviction for attempted entry after deportation, in violation of

8 U.S.C. § 1326, and fraud and misuse of an entry document, in violation of

18 U.S.C. § 1546(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Diaz first contends that in light of subsequent Supreme Court decisions, *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), has been overruled and that 8 U.S.C. § 1326(b) is unconstitutional. As Diaz concedes, these contentions are foreclosed. *See United States v. Beng-Salazar*, 452 F.3d 1088, 1091 (9th Cir. 2006); *United States v. Rodriguez-Lara*, 421 F.3d 932, 949-50 (9th Cir. 2005).

Diaz also contends that the sentence is substantively unreasonable in light of his mitigating personal circumstances and the age and nature of the prior conviction that was the basis for a 16-level enhancement. The sentence imposed is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Orozco-Acosta*, 607 F.3d 1156, 1167 (9th Cir. 2010).

**AFFIRMED.**